**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Omar CARBALLO–DELGADO,
Defendant—Appellant.**

No. 09–10425.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Amber Sax Rosen, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Miranda Kane, Law Office of Miranda Kane, San Francisco, CA, for Defendant–Appellant.

Omar Carballo–Delgado, Marysville, CA, pro se.

Before: SILVERMAN, CALLAHAŇ, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Omar Carballo–Delgado appeals his jury-trial conviction for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carballo–Delgado contends that we must vacate his conviction because the penalty sheet accompanying his superseding indictment misstated the applicable statutory maximum, and the district court did not advise Carballo–Delgado of the correct statutory maximum when Carballo–Delgado was re-arraigned on this indictment.

Even assuming, without deciding, that error occurred, Carballo–Delgado cannot establish that substantial rights were affected. *See United States v. Olano*, 507 U.S. 725, 731–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (describing plain error standard). The record does not support Carballo–Delgado's contention that, at the time he elected to proceed to trial, he believed he faced a statutory maximum of ten years rather then twenty years. Both the original information to which Carballo–Delgado pled not guilty and the pre-plea investigative report requested and considered by the parties prior to Carballo–Delgado's re-arraignment included the correct statutory maximum. Carballo–Delgado therefore fails to establish "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (citation omitted).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.